<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 11-4161**

———————

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

     v.

ARAMIS GERALD WIGGINS,

               Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (5:10-cr-00182-FL-1)

———————

Submitted:  October 19, 2011     Decided:  November 18, 2011

———————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

———————

Dismissed in part; affirmed in part by unpublished per curiam opinion.

———————

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Elizabethtown, North Carolina, for Appellant.   Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Aramis Gerald Wiggins pled guilty, pursuant to a written plea agreement, to three counts of distribution of more than five grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) (2006). The district court sentenced Wiggins to eighty-seven months' imprisonment on each count, to be served concurrently. Wiggins appeals. Counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), raising two sentencing issues and challenging the validity of the appellate waiver in Wiggins' plea agreement. Wiggins was notified of his right to file a pro se supplemental brief but has not done so. The Government moves to dismiss the appeal based on the appellate waiver. We dismiss in part and affirm in part.

We consider a defendant's waiver of his appellate rights de novo.[*] Manigan, 592 F.3d at 626. Where the Government seeks to enforce an appeal waiver and there is no claim the United States breached its obligations under the plea agreement, we generally will enforce the waiver as to issues within the

---

[*] As a threshold matter, we reject Wiggins' assertion that appeal waivers are per se invalid. See United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010); United States v. Cohen, 459 F.3d 490, 495 (4th Cir. 2006).

scope of the waiver, if the record establishes that the defendant's waiver of appellate rights was both knowing and intelligent. United States v. Blick, 408 F.3d 162, 168-69 (4th Cir. 2005). Our independent review of the record leads us to conclude that Wiggins voluntarily and knowingly waived his right to appeal any sentence within his advisory Guidelines range. In addition, the sentencing issues raised in Wiggins' brief fall squarely within the scope of the appellate waiver. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of Wiggins' sentence.

Although the waiver provision in the plea agreement precludes our review of the sentence, the waiver does not preclude our review of any errors in Wiggins' convictions that may be revealed by our review pursuant to Anders. In accepting Wiggins' guilty plea, the magistrate judge substantially complied with Fed. R. Crim. P. 11. Although the magistrate judge made two minor omissions during the plea colloquy, see Fed. R. Crim. P. 11(b)(1)(A), (c)(2), these omissions did not affect Wiggins' substantial rights. See United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002) (discussing plain error standard of review). Moreover, the magistrate judge ensured that the plea was entered knowingly and voluntarily and was supported by an independent factual basis. See United States v. DeFusco, 949 F.2d 114, 116, 119-20 (4th Cir. 1991).

3

Thus, we deny the Government's motion to dismiss in part and affirm the convictions.

In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore grant in part the Government's motion to dismiss and dismiss the appeal of Wiggins' sentence, and deny in part the Government's motion to dismiss and affirm Wiggins' convictions. This court requires that counsel inform Wiggins, in writing, of the right to petition the Supreme Court of the United States for further review. If Wiggins requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Wiggins.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>DISMISSED IN PART</u>;<br><u>AFFIRMED IN PART</u>

4